### FOX et al. v. CLAYTON et ux.
### No. 9379.

Court of Civil Appeals of Texas.
San Antonio.
May 30, 1934.

Rehearing Denied June 27, 1934.

Atlas Jones, of Uvalde, for plaintiffs in error.

Ditzler H. Jones, of Uvalde, for defendants in error.

MURRAY, Justice.

Plaintiffs in error, William R. Fox and wife, brought this suit against defendants in error, H. B. Clayton and wife, to recover payments made under a sales contract wherein defendants in error had contracted to convey a certain house and lot in the town of Uvalde to plaintiffs in error.

Plaintiffs in error sought to recover these payments largely on two grounds: First, that the execution of the sales contract was procured by fraud, and, second, that under the contract the payments should not be forfeited to the Claytons, but that they would only be permitted to retain a reasonable rental for the premises and plaintiffs in error would be entitled to the remainder of the payments.

The trial was to a jury, but at the close of the testimony the trial judge, on motion of the Claytons, granted them an instructed verdict denying to plaintiffs in error any recovery and awarding the title and possession of the property to the defendants in error, and from the judgment rendered on this instructed verdict, William R. Fox and wife have appealed.

There was no evidence offered by plaintiffs in error which would establish their contention that the contract was procured by fraud. The undisputed evidence shows that they ceased to make their monthly payments provided for in the contract after July 1, 1932. Defendants in error took possession of the property in December, 1932, after such payments had been in default more than ninety days.

The sales contract contains, among other things, the following provisions:

"It is hereby agreed and covenanted by the parties hereto, that time and punctuality are material and essential ingredients of this Contract.

"And in case the second party shall fail to make the payments aforesaid, for a period of ninety days, and likewise fail to perform and complete each of his agreements and stipulations aforesaid, strictly and literally, then this Contract, so far as it may bind said first party, shall become utterly null and void, and the whole amount of the principal and accrued interest mentioned herein remaining unpaid, shall, at the option of said first party, become immediately due and payable, and all rights and interests hereby created or then existing, in favor of the said second party, or derived from him, shall utterly cease and determine, and the right of possession, and all equitable and legal interests hereby contracted, shall revert to and revest in said first party, without any declaration of forfeiture, or act of re-entry, or any other act of said first party to be performed, and without any right of said second party, of reclamation or compensation, for moneys paid or improvements made, as absolutely, fully and perfectly, as if this contract had never been

made. And said party of the first part shall have the right, immediately, upon the failure of the said party of the second part to comply with the stipulations of this contract, to enter upon the land aforesaid and take immediate possession thereof, together with the improvements and appurtenances thereto belonging. All improvements made on the premises herein described, together with all sums of money paid on this Contract by said second party, being held by said first party in full for the use and rental of said premises up to the time of default in said payments, and thereafter said second party shall hold said premises as the tenant from month to month of said first party and the relation of landlord and tenant only, shall exist between said parties thereafter at the rental of Thirty Five and No/100 Dollars per month, subject to termination at any time by written notice from said first party. And said party of the second part covenants and agrees, that he will surrender unto the said party of the first part, the said lands and appurtenances, without delay or hindrance, and no Court shall relieve the party of the second part from a failure to comply strictly and literally with this Contract."

Under the evidence and the terms of the sales contract, the trial court could not have done otherwise than to have instructed the verdict which was rendered.

All assignments of error made by plaintiffs in error are overruled and the judgment will be affirmed.